﻿Citation Nr: AXXXXXXXX
Decision Date: 08/27/19 Archive Date: 08/26/19

DOCKET NO. 190807-17551
DATE: August 27, 2019

ORDER

Entitlement to service connection for ischemic heart disease is granted.

FINDINGS OF FACT

1. The Veteran has a current diagnosis of ischemic heart disease. 

2. The Veteran’s duties while serving in Thailand during the Vietnam era required his presence near the perimeters of Ubon air base on which he was stationed, and Agent Orange was used to defoliate the air base perimeters during the Veteran's period of service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for ischemic heart disease to include as being due to exposure to herbicides have been met. 38 U.S.C. §§ 1110, 1101, 1112, 1116, 1131, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served in the U.S. Air Force from November 1955 to October 1975. The Veteran declined a hearing in this case. 

The July 2019 rating decision on appeal reopened, and denied, service connection for ischemic heart disease on the merits. In this rating decision, the RO noted prior rating decisions which had previously denied service connection for ischemic heart disease. As the AOJ found that new and relevant evidence had been received, the Board will adjudicate the claim on its merits.

Service Connection—Generally

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C. § 1110; 38 C.F.R. § 3.303. To establish a right to compensation for a present disability, a veteran must show: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service”-the so-called “nexus” requirement.” Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). 

With regard to herbicide exposure, VA laws and regulations provide that a Veteran who, during active military, naval, or air service, served in the Republic of Vietnam during the Vietnam war (i.e., January 9, 1962, to May 7, 1975), shall be presumed to have been exposed to an herbicide agent, unless there is affirmative evidence to the contrary. 38 U.S.C. § 1116 (a)(3); 38 C.F.R. § 3.307(a)(6)(iii). VA has determined that there was significant use of herbicide agents on the fenced-in perimeters of military bases in Thailand intended to eliminate vegetation and ground cover for base security purposes as evidenced in a declassified report entitled, “Project CHECO Southeast Asia Report: Base Defense in Thailand.” Special consideration of herbicide agent exposure on a facts-found or direct basis is extended to those Veterans whose duties placed them on or near the perimeters of Thailand military bases i.e., allowing for presumptive service connection of the diseases associated with herbicide exposure.

The list of diseases associated with exposure to certain herbicide agents includes ischemic heart disease (including, but not limited to, acute, subacute, and old myocardial infarction; atherosclerotic cardiovascular disease including coronary artery disease (including coronary spasm) and coronary bypass surgery; and stable, unstable and Prinzmetal’s angina). 38 C.F.R. § 3.309(e).

1. Entitlement to service connection for ischemic heart disease to include as being due to exposure to herbicides

The Veteran claims that he was exposed to herbicides during his service in Thailand, and that his current ischemic heart disease is related to this exposure.

Regarding evidence of a current disability, a January 2019 VA examination establishes a current diagnosis of ischemic heart disease.

Regarding service in Thailand, the Veteran’s personnel records show that the Veteran repaired aircraft and was a weapons control systems mechanic during the Vietnam War at Ubon Royal Thai Air Force Base (RTAFB) in Thailand from June 1966 to October 1966. 

In an April 2015 statement, the Veteran asserted that the flight line to which he was assigned was just feet from the perimeter of the base. He also asserted that he lived off base, traveling across the perimeter of the base twice each day. In a November 2018 statement, the Veteran asserted that he was also assigned to work at a security bunker near the perimeter of the base as part of his duties in Thailand and was required to stand near the perimeter of the base while security guards searched the bus that he would ride to and from the base. The Veteran also asserted that many of his duties occurred less than 100 feet from the perimeter of the base where herbicides were sprayed. 

The Board has considered the June 2019 VA formal finding that there is a lack of the information required to verify that the Veteran was exposed to Agent Orange during his service in Thailand. The Board finds that the Veteran’s statements are credible because they are consistent with information in the Veteran’s personnel records that show that he was in Thailand and serving in capacities that may have required him to spend time near the perimeter of the base.

The Board resolves reasonable doubt in favor of the Veteran, finding that it is at least as likely as not that his duties and activities at Ubon RTAFB brought him into contact with the perimeter of the base on a regular occasion. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. As a result, the Board finds that the elements needed to establish service connection for ischemic heart disease are approximated and herein grants the appeal. 

 

JEBBY RASPUTNIS

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Caruso, Associate Counsel 

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.